UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-08657-RGK-PD | Date | November 4, 2025 |
|---|---|---|---|
| Title | *Adelfo Zatino Gutierrez v. General Motors, LLC et al.* | | |

Present: The Honorable    R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendant:

Not Present                  Not Present

**Proceedings:**        **(IN CHAMBERS) Order Remanding Action to State Court**

On April 9, 2025, Adelfo Zatino Gutierrez ("Plaintiff") filed a Complaint against General Motors, LLC ("Defendant") in Los Angeles County Superior Court alleging violations of the Song-Beverly Consumer Warranty Act and the Magnuson-Moss Warranty Act. (ECF No. 1-1.) Plaintiff's allegations arise from the purchase of a 2020 Chevrolet Silverado from Defendant. On September 12, 2025, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.)

Upon review of Defendant's Notice of Removal, the Court ordered Defendant to show cause, in writing, that the amount in controversy is satisfied. (ECF No. 22.) On October 31, 2025, Defendant responded. (ECF No. 23.) Upon review of Defendant's Response, the Court finds the amount in controversy has not been established and hereby **REMANDS** the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming

UNITED STATES DISTRICT COURT　　　　　　JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-08657-RGK-PD | Date | November 4, 2025 |
|---|---|---|---|
| Title | *Adelfo Zatino Gutierrez v. General Motors, LLC et al.* | | |

in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Plaintiff seeks restitution for the amount he paid for the vehicle. Additionally, Plaintiff seeks consequential and incidental damages, civil penalties, and attorney's fees. In the Notice of Removal, Defendant asserted that the amount in controversy exceeds $75,000. In support, Defendant stated that the "plausible estimate of actual damages" is $48,326.83 when accounting for the applicable offsets. (Notice of Removal at 5.) To make up the difference, Defendant pointed to the fact that Plaintiff seeks civil penalties and attorney's fees under the Song-Beverly Act.

In its Response to the Order to Show Cause, Defendant updates its estimate of actual damages to $41,838.34. Once again, however, Defendant relies on a speculative amount of civil penalties and attorney's fees to make up the difference. The Court finds Defendant's calculations of civil penalties and attorney's fees speculative and declines to include them in its calculation of the amount in controversy. Without these amounts, Defendant has not established that the amount in controversy exceeds $75,000.

Accordingly, the Court finds that Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **REMANDS** the action to state court for all further proceedings.

All motions and dates pending before this Court are vacated and taken off calendar.

**IT IS SO ORDERED.**

cc: LASC, 25STCV10494

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |